UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIONEL CARPENTER,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | No. 2:20-cv-0908 KJN P<br><br><br><br>ORDER |

    Petitioner, a state prisoner at R.J. Donovan Correctional Facility in San Diego, filed a document styled as a motion seeking an extension of time to file a petition for writ of habeas corpus. No other pleadings have been filed by the petitioner. In order to commence an action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases. The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner's motion is denied without prejudice. Unless petitioner files a petition, this action will be dismissed.

    Petitioner seeks the appointment of counsel to, inter alia, assist petitioner in filing his petition. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  However, the court will grant petitioner a lengthier extension of time in which to file his petition.

It appears that petitioner was unable to retain copies of his exhibits.  Because his original filing has been scanned into the record, the Clerk of the Court is directed to return to petitioner his original filing (ECF No. 1).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension of time (ECF No. 1) is denied without prejudice.

2. Within sixty days,[1] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition.  Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed.

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and to return to petitioner his original filing (ECF No. 1).

4. Petitioner's motion for appointment of counsel (ECF No. 1) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated:  May 29, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carp0908.no petition+110

---

[1] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015).  Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition.  See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

2