UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIONEL CARPENTER,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | No. 2:20-cv-0908 WBS KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss the petition for failure to exhaust state remedies. Petitioner filed an opposition; respondent did not file a reply. As explained below, petitioner is ordered to inform the court how he would like to proceed in this action.

I. Motion to Dismiss

Petitioner challenges his Butte County Superior Court conviction for kidnapping, inflicting corporal injury on his ex-girlfriend, and criminal threats. (ECF No. 21-1.) Petitioner raises twelve claims in the first amended petition: (1) ineffective assistance of trial counsel by failing to object to stacking charges, and appellate counsel was ineffective by not appealing that issue to the California Supreme Court; (2) ineffective assistance of counsel (Leo Battle) by failing to investigate and communicate with Petitioner; (3) ineffective assistance of counsel (Jesus

1

1    Rodriguez) before trial by failing to investigate or communicate with petitioner; (4) ineffective
2    assistance of counsel (Jesus Rodriguez) for lack of pre-trial investigation, preparation, and failure
3    to defend; (5) prosecutorial misconduct; (6) judicial misconduct, abuse of discretion, judicial
4    errors, denial of due process; (7) ineffective assistance of counsel (Jesus Rodriguez), denial of
5    due process, denial of fair trial; (8) Butte County Superior Court denied petitioner due process of
6    law and abuse of discretion by denying habeas corpus petition on procedural grounds;
7    (9) ineffective assistance of counsel (Susan Shaler); (10) lack of jurisdiction by trial court to
8    consider habeas corpus petition CM042939; (11) ineffective assistance of counsel (Susan Shaler)
9    by failing to investigate and file habeas corpus petition with Court of Appeal; and
10   (12) denied due process by the California Supreme Court.  (ECF No. 15.)

11         Respondent argues that the instant petition is a mixed petition because petitioner failed to
12   raise all twelve claims in the California Supreme Court.  Rather, petitioner raised only four claims
13   in the state appellate court:  (1) denial of due process when the Butte County Superior Court
14   denied original habeas corpus petition on procedural grounds; (2) appellate counsel failed to
15   provide adequate representation on direct appeal by failing to raise all arguable issues for
16   appellate review; (3) superior court judge did not have jurisdiction to consider petitioner's
17   original habeas corpus petition (conflict of interest based on ruling in prior proceedings); and
18   (4) ineffective assistance of appellate counsel because she failed to investigate and file a habeas
19   corpus petition in conjunction with the direct appeal filed in the Court of Appeal.

20         Moreover, respondent lodged state court documents confirming that in the habeas petition
21   filed in the California Court of Appeals, petitioner raised only those four claims, and did not raise
22   claims one through seven that petitioner raised in the petition filed in the superior court.
23   (Compare ECF Nos. 21-6 to 21-8.)  Petitioner's claim twelve has not been presented to any state
24   court.

25         In opposition, petitioner concedes that exhaustion of state court remedies is required, but
26   argues that he has exhausted claims one through seven because once each petition was denied by
27   the superior court and the court of appeals, respectively, the petitions were advanced to the
28   California Supreme Court.  (ECF No. 22 at 2.)  Petitioner contends he specifically requested that

the California Supreme Court review the grounds raised by writs of habeas corpus, and provided copies of both petitions. (ECF No. 22 at 2, citing ECF No. 21-11 at 3.)

Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Discussion

Here, petitioner is mistaken. The habeas petition filed in the state superior court does not advance directly to the California Supreme Court. The record confirms that the California Supreme Court imported the record from the California Court of Appeal. (ECF No. 21-12.) Moreover, the petition for review filed in the California Supreme Court, consisting of two pages of text, lists no claims or facts, but rather simply asks the state's highest court to review the issues raised in petitioner's earlier petitions. (ECF No. 21-11 at 2-3.) Such a filing is insufficient for the state highest court to review claims petitioner raised only in the petition filed in the state superior court. For purposes of federal habeas review, the silent denial issued by the California Supreme Court constitutes a denial "on the merits" of petitioner's claims raised in the state court of appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991); see Wilson v. Sellers, 138 S. Ct. 1188, 1194-95 (2018) (federal court "looks through" the silent decision to identify the grounds for the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

3

higher court's decision). Thus, to the extent petitioner's federal claims eight through eleven challenge the four state claims raised on appeal, petitioner's claims one through seven are therefore unexhausted.

As for claim twelve, petitioner is required to exhaust the claim before the California Supreme Court, even though his claim pertains to the alleged failure of that court to hold an evidentiary hearing. A California prisoner seeking relief with respect to a conviction is required to "fairly present" his federal claims to the California Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998). To fairly present a claim to the California Supreme Court, the petitioner must describe not only the operative facts but also the federal legal theory on which the claim is based. See Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Consequently, after reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims one through seven, and twelve. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. The court will advise petitioner of his options regarding exhaustion and warn him that deleting his unexhausted claims may prevent him from bringing those claims in any future federal habeas proceedings.

II. Petitioner's Options

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

Because the petition contains unexhausted claims, this court is required to give petitioner the choice of exhausting the unexhausted claims by returning to state court or abandoning the unexhausted grounds and pursuing the exhausted grounds in federal court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curiam) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity

to amend his petition to include only exhausted claims). Thus, petitioner has the following options:

    1. Petitioner may choose to dismiss the entire petition without prejudice. However, petitioner is cautioned that such dismissal could result in a statute of limitations bar against any federal petition he may subsequently file.[2]

    2. Petitioner may proceed on an amended petition raising only the four exhausted claims described above. Petitioner should provide such an amended petition if he chooses this option.

    3. Petitioner may file a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, a district court may stay, in limited circumstances, a mixed petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., 544 U.S. at 278. Each of these three conditions must be satisfied.

    4. Petitioner may file an amended petition which includes only petitioner's fully exhausted federal claims described above, along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d. 1063 (9th Cir. 2003). Under the Kelly stay procedure, "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009). But petitioner is allowed to amend newly-exhausted

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Although § 2244(d)(2) provides for such statutory tolling, "[u]nder Duncan v. Walker, 533 U.S. 167 (2001), the filing of a petition for federal habeas corpus relief does not toll AEDPA's statute of limitations. King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).

claims back into his federal petition only if the statute of limitations has not yet expired, or the claims "relate back" to the timely exhausted claims in the federal petition. King, 564 F.3d at 1140-41. This court makes no finding at this time whether such motion to amend would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005). If petitioner chooses to request a stay under Kelly, he should provide an amended petition.

Petitioner is cautioned that if he chooses to proceed now on an amended petition raising only the four exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that petitioner notify the court, within thirty days from the date of this order, which of the four options he chooses. Petitioner is cautioned that if he fails to choose one of the four options set forth above, the undersigned will recommend that respondent's motion to dismiss be granted, and the petition be dismissed as a mixed petition.

Dated: February 19, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carp0908.sty.fb