UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIONEL CARPENTER,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>Respondent. | No. 2:20-cv-0908 WBS KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss the petition for failure to exhaust state remedies, and petitioner's motion for stay. As discussed below, the undersigned finds that respondent's motion should be partially granted, and petitioner's motion should be granted.

I. Background

On September 17, 2015, in the Butte County Superior Court, petitioner was convicted of kidnapping, inflicting corporal injury on his ex-girlfriend, and criminal threats. (ECF No. 21-1.) Two strike allegations were sustained by the trial court, and petitioner was sentenced to an indeterminate state prison term of fifty years to life plus four years. (Id.)

////

////

On September 14, 2018, the state appellate court reversed the trial court's finding that petitioner's prior federal conviction for bank robbery was a strike, and remanded the matter back to the trial court. (ECF No. 21-2 at 12.) The judgment was otherwise affirmed.

Petitioner did not file a petition for review in the California Supreme Court.

On January 23, 2019, the Butte County Superior Court found the prior bank robbery strike true, and re-imposed the strike, and re-affirmed the prior sentence. (ECF No. 21-3.) Petitioner filed a notice of appeal on January 25, 2019. (ECF No. 21-4.)

On July 12, 2019, petitioner signed a notice of abandonment and requested the appeal be dismissed and was doing so in order to immediately pursue his habeas remedies in the superior court. (ECF No. 21-5.) The appeal was dismissed. (ECF No. 21-4.)

On August 5, 2019,[1] petitioner filed his first pro se habeas corpus petition in the Butte County Superior Court. (ECF No. 21-6.) The court denied the petition on September 13, 2019. (ECF No. 21-7.)

On October 27, 2019, petitioner filed a second pro se habeas corpus petition in the Court of Appeal for the State of California, Third Appellate District. (ECF No. 21-8.) The petition was denied on January 24, 2020, Case No. C090750. (ECF No. 21-10.)

On January 29, 2020, petitioner filed a pro se petition for review in the California Supreme Court, No. 260580. (ECF No. 21-11.) On March 25, 2020, the California Supreme Court denied the petition for review. (ECF No. 21-12.)

On July 22, 2020, petitioner filed his first federal habeas petition. (ECF No. 12.) On July 30, 2020, petitioner filed an amended petition. (ECF No 15.)

II. Petitioner's Claims

Petitioner raises twelve claims in his amended petition: (1) ineffective assistance of trial counsel by failing to object to stacking charges, and appellate counsel was ineffective by not appealing the issue to the California Supreme Court; (2) ineffective assistance of counsel (Leo Battle) by failing to investigate and communicate with Petitioner; (3) ineffective assistance of

---

[1] Petitioner's filings are given benefit of the mailbox rule.

counsel (Jesus Rodriguez) before trial by failing to investigate or communicate with petitioner; (4) ineffective assistance of counsel (Jesus Rodriguez) for lack of pre-trial investigation, preparation, and failure to defend; (5) prosecutorial misconduct; (6) judicial misconduct, abuse of discretion, judicial errors, denial of due process; (7) ineffective assistance of counsel (Jesus Rodriguez), denial of due process, denial of fair trial; (8) Butte County Superior Court denied petitioner due process of law and abuse of discretion by denying habeas corpus petition on procedural grounds; (9) ineffective assistance of counsel (Susan Shaler); (10) lack of jurisdiction by trial court to consider habeas corpus petition CM042939; (11) ineffective assistance of counsel (Susan Shaler) by failing to investigate and file habeas corpus petition with Court of Appeal; and (12) denial of due process by the California Supreme Court. (ECF No. 15.)

II. The Instant Petition is a Mixed Petition

On February 19, 2021, the undersigned found that petitioner failed to exhaust state court remedies as to claims one through seven, and twelve. Petitioner did not file a petition for review following his conviction and, on collateral review, filed a two-page petition for review asking the California Supreme Court to review the issues raised in his earlier state court petitions. (ECF No. 21-11 at 2-3.) Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. Petitioner was advised of his options, and now seeks to stay this action so that he may return to state court and exhaust his unexhausted claims. (ECF No. 25.)

III. Stay and Abeyance

Petitioner seeks a stay under Rhines v. Weber, 544 U.S. 269 (2005).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines, 544 U.S. at 277. However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and

3

abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are potentially meritorious, and the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78. Each of these three conditions must be satisfied because, as the court emphasized, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.

*Good Cause*

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Good cause does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278). A petitioner may establish good cause when he does not have counsel in state post-conviction proceedings. Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017). On the other hand, a petitioner does not establish good cause simply by alleging that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2005).

Here, petitioner proceeded pro se throughout his collateral challenges. As argued by respondent, petitioner concedes he erroneously believed that asking the California Supreme Court to review all of petitioner's claims raised on habeas in the state courts below was sufficient to exhaust his state court remedies as to all claims raised therein. But unlike the prisoner in Wooten, petitioner was not represented by counsel. Dixon, 847 F.3d at 721. While respondent is correct that generally ignorance of the law does not constitute good cause, respondent did not address Dixon. (ECF No. 26.) Indeed, the district court cases relied upon by respondent were issued years before Dixon was decided in 2017. (ECF No. 26 at 2-3.) Here, the record reflects that petitioner did not understand the technical exhaustion requirements. He was able to raise his claims in the superior court and the state court of appeals before he failed to properly set forth his

claims in the California Supreme Court.  See Basra v. Sinclair, 2018 WL 5928374, at *2 (W.D. Wash. Oct. 9, 2018) ("the absence of counsel alone during the pendency of a petitioner's state post-conviction case 'is sufficient to establish good cause'") (quoting Dixon, 847 F.3d at 721); McCarthy v. Frauenheim, 2018 WL 4635866, at *1 (N.D. Cal. Sept. 25, 2018) (relying on Dixon to conclude that the petitioner's "unrepresented and unsuccessful attempt to exhaust some of his claims because he did not properly present them to the state high court constitutes good cause for a stay under Rhines"); Ik Soo Jeon v. Frink, 2018 WL 3629910, at *2 (C.D. Cal. June 22, 2018) (citing Dixon, and stating that "[a] petitioner may establish good cause when, as here, he does not have counsel in state post-conviction proceedings"), adopted, 2018 WL 3629670 (C.D. Cal. July 27, 2018).[2]  Accordingly, the undersigned finds that petitioner has shown good cause for his failure to exhaust his unexhausted claims.  Dixon, 847 F.3d at 721.

*Potentially Meritorious*

The second factor for a Rhines stay requires the unexhausted claims to have potential merit.  Rhines, 544 U.S. at 278.  "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines."  Dixon, 847 F.3d at 722 (quoting Rhines, 544 U.S. at 277).  In recognition of the comity and federalism problems that are created by assessing the merits of unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court.  Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).  "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted."  Dixon, 847 F.3d at 722.

Here, respondent did not address the merits of petitioner's unexhausted claims.  (ECF No. 26.)  Petitioner argues that his unexhausted claims are supported by evidence submitted with the amended petition, and are not plainly meritless.  (ECF No. 27 at 6.)

---

[2] Petitioner also discusses impediments he faced due to the COVID-19 pandemic; however, the petition for review was filed in the California Supreme Court in January of 2020, before the virus was widespread or its impact well-known.

5

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the petitioner's defense. See generally Strickland v. Washington, 466 U.S. 668, 688-90, 694 (1984). Among his other unexhausted claims, petitioner alleges that trial counsel was ineffective based on counsel's failure to: object to stacking charges; investigate and communicate with petitioner; and perform pretrial investigation and preparation. In his claim alleging a failure to investigate and communicate with petitioner, petitioner alleges that trial counsel was removed based on such failures. (ECF No. 15 at 7.) Upon review of the amended petition (ECF No. 15), the undersigned finds that petitioner sufficiently alleges colorable federal claims. The undersigned cannot conclude that such claims are plainly without merit. See Dixon, 847 F.3d at 722-723 (claim not plainly meritless where petitioner challenged counsel's failure to raise a state-law objection at trial); Harris v. Hill, 2018 WL 3363700, at *7 (E.D. Cal. July 10, 2018) ("this court is unable to assess whether trial counsel's failure to present a blood splatter expert was reasonable under the circumstances. However, clearly, the claim is not "plainly meritless.""), adopted, 2018 WL 4095793 (E.D. Cal. Aug. 28, 2018).

*Intentional Dilatory Tactics*

The last factor petitioner must establish to obtain a Rhines stay is diligence in pursuing relief. Rhines, 544 U.S. at 278.

Respondent identified no intentional dilatory tactics on the part of petitioner. Following the abandonment of his appeal, petitioner filed his state court petitions in fairly rapid succession. The filing of his federal petition was delayed, but his May 4, 2020 motion for extension of time to file his petition demonstrates that the delay was due to COVID-19, the inadequacy of the paging system, and his inability to access the law library to do research. In his reply, petitioner confirmed that his prison went on lockdown on April 8, 2020, due to COVID-19, and he had no access to the law library, or to assistance from other inmates. (ECF No. 27.) He provided copies of letters he wrote to this court as well as the Ninth Circuit Court of Appeals inquiring whether the pandemic impacted court deadlines. (ECF No. 27 at 13-16.) On July 22, 2020, petitioner filed his first federal petition, almost four months after the California Supreme Court denied

review. On this record, the undersigned cannot find that petitioner engaged in any abusive litigation tactics or intentional delay.

IV. Conclusion

Because petitioner has met all of the elements required under <u>Rhines</u>, his motion for stay should be granted. That said, petitioner should immediately pursue his state court remedies as to claims one through seven and claim twelve without further delay. Failure to do so will result in the dismissal of such unexhausted claims.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 20) be partially granted, in that claims one through seven and claim twelve are unexhausted.

2. Petitioner's motion for stay, pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), (ECF No. 25) be granted.

3. The Clerk of Court be directed to administratively close this case.

4. Upon the completion of state habeas review, petitioner is directed to file a motion to lift the stay within 30 days from the date of any decision by the California Supreme Court.

5. Petitioner's failure to file the motion or to properly exhaust his state court remedies will result in an order lifting the stay of this case and claims one through seven and claim twelve will be dismissed as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2021

/carp0908.sty.g

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7