UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIONEL CARPENTER, | No. 2:20-cv-0908 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| MARCUS POLLARD, Warden, | |
| Respondent. | |

      Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus. This matter is fully briefed. On December 27, 2022, petitioner filed a request to expand the record.

      Petitioner asks the court to consider the following state court documents in deciding his federal habeas action: (A) February 10, 2020 petition for habeas corpus filed in the California Supreme Court; (B) February 10, 2020 petition for review filed in the California Supreme Court along with his habeas petition; (C) February 10, 2020 response from the California Supreme Court Clerk of Court verifying acceptance of petition for review; (D) February 21, 2020 request for stay of proceedings and transfer of case to Court of Appeal to provide an evidentiary hearing; (E) February 21, 2020 verification letter from California Supreme Court Clerk; and (F) March 25, 2020 denial of petition for review and Carpenter on Habeas Corpus by the California Supreme Court. (ECF No. 47 at 1.) Petitioner states he provides these documents to clarify facts regarding

1

exhaustion. He claims that respondent failed to refer to the motion petitioner presented to the California Supreme Court and petitioner has no way to determine whether respondent filed all of the documents. Petitioner appended the documents to his motion and asks the court to attach such documents to his reply.

The Rules Governing Section 2254 Cases in the United States District Courts, in particular Rules 6, 7, and 8, govern a petitioner's ability to conduct discovery and expand the record, as well as a court's assessment of whether to hold an evidentiary hearing. Rules Governing § 2254 Cases, Rules 7, 8, 9, 28 U.S.C. foll. § 2254. These Rules are directed at discovery and expansion of the record regarding factual evidence, and not regarding legal authority or guidance. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.")

Here, petitioner asks the court to consider documents filed in state court and is not seeking to expand the record with additional factual evidence. Therefore, expansion of the record is not appropriate. Moreover, respondent provided copies of the February 20, 2020 petition for writ of habeas corpus and petition for review (ECF No. 21-11) referenced in petitioner's A & B and a copy of the California Supreme Court docket sheet (ECF No. 21-12) reflecting the filing of petitioner's C - F. The undersigned construes petitioner's filing as a request to append copies of state court documents to his reply and directs the Clerk to append the documents as exhibits to his reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to expand the record (ECF No. 47) is construed as a request to append state court documents to his traverse (reply);

2. Petitioner's request to append (ECF No. 47) is granted; and

3. The Clerk of the Court is directed to append as exhibits to petitioner's traverse (reply) (ECF No. 46) the following documents: ECF No. 47, pages 5 through 15.

Dated: May 16, 2023

/carp008.exp

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE